IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-134-BO

JEFFREY DICKENS,                        )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        **O R D E R**
                                        )
CAROLYN COLVIN,                         )
Acting Commissioner of Social Security, )
                                        )
            Defendant.                  )
_____)

This matter is before the Court on the parties' cross-motions for judgment on the

pleadings. [DE 17, 19]. A hearing on this matter was held in Edenton, North Carolina on

September 9, 2015. For the reasons discussed below, plaintiff's motion is GRANTED,

defendant's motion is DENIED, and the judgment of the commissioner is REVERSED.

BACKGROUND

Plaintiff applied for a period of disability and disability insurance benefits on June 24,

2010, alleging disability beginning May 11, 2010. [Tr. 296, 300]. This application was denied

initially and upon reconsideration. [Tr. 14]. An Administrative Law Judge held a hearing on

November 29, 2011 and rendered an unfavorable decision to plaintiff on December 21, 2011.

The Appeals Council granted plaintiff's request for review and remanded to a new

Administrative Law Judge (ALJ) to give further consideration to plaintiff's residual functional

capacity. [Tr. 14]. The second ALJ rendered an unfavorable decision to plaintiff on October 3,

2013. [Tr. 11]. This decision became the final decision of the Commissioner on May 30, 2014,

when the Appeals Council denied review. [Tr. 1]. Mr. Dickens then sought timely review in this

Court.

On his alleged onset of disability date, plaintiff was 46 years old, though he is now 51 years old. [Tr. 22]. He has a high school education and a prior career as an assistant computer technician. [*Id.*]. Mr. Dickens has left knee traumatic arthritis, hypertension, and degenerative disc disease of the lumbar spine with pain syndrome. [Tr. 17].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity (RFC) to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

Here, the ALJ found that plaintiff has not engaged in substantial gainful activity since May 11, 2010. [Tr. 16]. Second, the ALJ determined that plaintiff's left knee traumatic arthritis, hypertension, and degenerative disc disease of the lumbar spine with pain syndrome were severe impairments. [Tr. 17]. However, none of plaintiff's impairments or combination of impairments met or medically equaled a listing. [*Id.*]. Next, the ALJ determined that plaintiff was capable of performing only sedentary work with additional limitations for balancing and climbing, walking with a cane, avoiding kneeling and crawling, and working around dangerous machinery and unprotected heights. [*Id.*]. Finally, though plaintiff was unable to perform his past relevant work, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. [Tr. 23]. A vocational expert testified that these would include data entry clerk, order clerk, and receptionist. [*Id.*]. Accordingly, the ALJ, on remand, found that plaintiff was not disabled since May 11, 2010. [*Id.*]. Plaintiff now seeks review of the determination that he is not disabled.

Substantial evidence does not support the ALJ's RFC finding in this case. First, the ALJ did not afford appropriate weight to several doctors who reported on plaintiff's condition. According to the regulations, the ALJ is to give controlling weight to the opinion of a treating physician whose conclusions "on the issue(s) of the nature and severity of [the] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 CFR 404.1527.

Here, the ALJ elected to give treating physician Dr. Josiah Duke's opinion "little weight as the doctor's opinion is without substantial support from the evidence of record." [Tr. 19]. However, examination of the record does not support this statement. Dr. Duke observed that plaintiff was suffering from degenerative changes in his back at L4-5 and disc protrusion at L5-

3

S1, as well as "difficulties with extension, weightbearing and pain" in his left knee, including being unable to put his full weight on his left knee. [Tr. 425, 419].

Contrary to the ALJ's conclusion, these observations are consistent with the evidence of record. For example, Dr. Kumar observed that plaintiff limped, "cannot stand on his toes because of the pain in his left knee" and observed reduced ability to bend the left knee compared to right before diagnosing plaintiff with pain in the left knee. [Tr. 431]. Additionally, Dr. Maximous observed limping, swelling, tenderness, limitation with pain in attempting to bend and extend the knee, and decreased sensation of the left leg consistent with an impression of traumatic arthritis. [Tr. 434]. Dr. Masere, to be discussed further *infra*, also observed limited ability to bend and extend the left knee, inability to walk on heels and toes and tandem walk, swelling, and severe degenerative joint disease that may require another surgery. [Tr. 442]. Dr. Kim also noted back problems at L5-S1 as well as continued suffering in the knee, assessing chronic pain syndrome as a result. [Tr. 620, 624]. Each of these observations was made after plaintiff's knee surgery of December 2009. [Tr. 19]. Moreover, a subsequent back MRI showed disc protrusion and spondylosis, among other things. [Tr. 19]. Each of these observations is consistent with Dr. Duke's observations about plaintiff, therefore rendering his conclusions "not inconsistent with the other substantial evidence" and, thus, worthy of more than the "little weight" afforded by the ALJ. [Tr. 19].

The ALJ also stated that he afforded Dr. Duke "little weight" in part because Dr. Duke "acknowledged he was unable to diagnose the cause of claimant's symptoms." [Tr. 19]. However, the record does not fully support this conclusion. In fact, Dr. Duke observed that plaintiff was "certainly having some type of a pain syndrome;" however, he recommended getting a second opinion as to which exact pain syndrome it was. [Tr. 419]. Dr. Maximous—the

4

type of pain specialist to whom Dr. Duke referred—was able to conclude that plaintiff was suffering from reflex sympathetic dystrophy. [Tr. 434].

The ALJ's consideration of Dr. Masere is also inconsistent. The ALJ stated that he afforded Dr. Masere's opinion "significant weight" despite not being a treating physician. [Tr. 20]. The ALJ justified this by stating that Dr. Masere's opinion was "supported substantially by other evidence of record and not only findings stemming from this single evaluation." [Tr. 20]. However, the ALJ then made a conclusion contrary to Dr. Masere's finding. Dr. Masere found plaintiff incapable of "bending, stooping, crouching, and so on." [Tr. 42]. Nevertheless, despite supposedly giving Dr. Masere "significant weight," the ALJ placed no limitations on any of these activities when determining plaintiff's RFC, thus rendering his report internally inconsistent. [Tr. 17].

Finally, the ALJ's explanation for affording "only some weight" to plaintiff's favorable Medicaid decision is unsatisfying. [Tr. 21]. The ALJ rightly notes that the finding of a disability is reserved to the Commissioner. [SSR 06-03p]. However, though the Medicaid decision is not binding on the ALJ, he is instructed to "explain the consideration given to these decisions." [SSR 06-03p]. Here, the ALJ's only explanation—or discussion of the decision at all—was that "the decision does not offer a comprehensive discussion of evidence." [Tr. 21–22]. However, review of the Medicaid decision rebuts this. The Medicaid decision provides a thorough summary of plaintiff's impairments, treatment history, and prognosis before concluding that he is capable of only "less than sedentary work." [Tr. 373–76]. Therefore, the ALJ's consideration of the Medicaid decision is inadequate.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v.*

5

*Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate

for a federal court to "reverse without remanding where the record does not contain substantial

evidence to support a decision denying coverage under the correct legal standard and when

reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493

F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to

explain his reasoning and there is ambivalence in the medical record, precluding a court from

"meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v.

Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, it is clear that the record does not contain

substantial evidence to support a decision denying coverage. The Court therefore REVERSES

the decision of the Commissioner and remands to the agency for an award of benefits for the

closed period beginning with plaintiff's alleged onset date of May 11, 2010.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 19] is

DENIED, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED, and the

decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an

award of benefits consistent with this Order.


SO ORDERED, this _2 2_ day of September, 2015.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE